1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHALONER SAINTILLUS,                    No.  2:23-cv-0776 AC P

12              Plaintiff,

13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    UNITED STATES SUPREME COURT, et
      al.,

15
                Defendants.
16

17

18         Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

19    U.S.C. § 1983, and he has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

20    1915.  ECF Nos. 1, 2.  This proceeding was referred to the undersigned by Local Rule 302

21    pursuant to 28 U.S.C. § 636(b)(1).

22         For the reasons stated below, plaintiff's application to proceed in forma pauperis will be

23    granted.  In addition, it will be recommended that this matter be dismissed with prejudice.

24         I.    IN FORMA PAUPERIS APPLICATION

25         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

26    1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

27         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1

1  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3  forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

4  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

6  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7  1915(b)(2).

8  II.    SCREENING REQUIREMENT

9  The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989); Franklin, 745 F.2d at 1227.

21  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

22  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

23  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

24  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

25  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

26  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

27  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

28  ////

2

1   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v.</u>

2   <u>McKeithen</u>, 395 U.S. 411, 421 (1969).

3        III.   <u>THE COMPLAINT</u>

4        Plaintiff names the United States Supreme Court, the United States Congress, the United

5   States of America, the Internal Revenue Service, and Social Security Commissioners as

6   defendants.  ECF No. 1 at 1.  He alleges violations of his rights under the Thirteenth Amendment

7   and 18 U.S.C. §§ 241-242.[1]  He states that he has been harmed because he has been subject to the

8   jurisdiction of the United States, a corporation, and he has been illegally incarcerated in several

9   institutions throughout the United States.  ECF No. 1 at 3.  Plaintiff considers the United States of

10  America to be a "fictitious foreign state."  <u>Id.</u> at 8.  He asks the court to recognize the "Moorish-

11  American Nation" as "a pure and clean nation" <u>id.</u> at 8, and he seeks an injunction recognizing his

12  "rightful proper nationality," <u>id.</u> at 6.  Plaintiff also seeks damages in the amount of ten million

13  dollars.  <u>Id.</u>

14       The attachments to the complaint, totaling over 70 pages, are documents related to

15  Moorish America and the Moorish Haitian-American Nation.  <u>Id.</u> at 11-82.  Some of these

16  documents are in the form of legal and governmental documents, others appear to be religious.

17  <u>Id.</u>

18       IV.   <u>DISCUSSION</u>

19         A.  <u>Federal Actors and Entities Cannot Be Sued Under Section 1983, and No *Bivens*</u>

20            <u>Action is Available</u>

21       42 U.S.C. § 1983 creates civil liability for individuals and entities who violate a plaintiff's

22  federal constitutional rights "under color of State law."  The only proper defendants in a Section

23

---

24  [1]  18 U.S.C. § 241 – Conspiracy Against Rights – permits the assessment of fines against two or
    more persons who conspire to injure, oppress, threaten or intimidate any person in any state in the
25  free exercise of any right secured by the Constitution or laws of the United States.

26     18 U.S.C. § 242 – Deprivation of Rights Under Color of Law – permits the assessment of fines
    against or the imprisonment of individuals who willfully subject any person to the deprivation of
27  rights secured under the Constitution or laws of the United States or to different punishments on
    account of such person being an alien or by reason of his color or race than are prescribed for the
28  punishment of citizens.

1983 lawsuit are state and local officials and municipal entities.  Federal officials and entities

cannot be sued under the statute.  See Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir. 1981)

(federal agency cannot be sued under § 1983 because its agents perform no acts under color of

state law).  Because the complaint names only federal officials and entities as defendants, plaintiff

fails to state any claim under Section 1983.  This is not a defect that can be cured by amendment.

Bivens actions,[2] the federal corollary to Section 1983, do not extend to alleged violations

of the Thirteenth Amendment.  See Ziglar v. Abbasi, 582 U.S. 120, 131, 135 (2017) (Bivens has

been extended beyond the search and seizure context only to gender discrimination and Eighth

Amendment medical care claims, and further extensions are disfavored).  Accordingly, the

complaint cannot be construed as presenting a putative Bivens claim.

B.   The Named Defendants are Entitled to Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit."  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  The federal government cannot be sued

without its consent.  United States v. Navajo Nation, 556 U.S. 287, 289 (2009); see also Dolan v.

United States Postal Service, 546 U.S. 481, 484 (2006).  The complaint identifies no statutory

cause of action in which Congress has waived sovereign immunity on behalf of the United States.

Accordingly, all named defendants are absolutely immune from suit.

C.   Alleged Violations of Criminal Statutes Cannot Support Civil Liability

Plaintiff's first cause of action appears to allege "denationalization" in violation of 18

U.S.C. §§ 241 and 242.  ECF No. 1 at 3.  Title 18 of the United States Code is the Criminal Code.

"Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by

the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 does

not establish any private right of action and cannot support a civil lawsuit.  See Aldabe v. Aldabe,

616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

////

---

[2]  Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (recognizing cause of
action against federal officials for violation of the Fourth Amendment's prohibition against
unreasonable search and seizures).

1    D.  Plaintiff's Allegations Do Not Support Any Cognizable Grounds for Relief

2    The rhetoric of the complaint and its attachments, regarding the invalidity of the federal

3  government and its actions and the Moorish Nation's claim of sovereignty, fail to state any

4  cognizable legal claim or to suggest any valid legal theory.  No facts are presented which could

5  support a plausible claim for relief.  Accordingly, the complaint must be dismissed.  See 28

6  U.S.C. § 1915A(b); Neitzke, 490 U.S. at 327.

7    E.  Leave to Amend Would Be Inappropriate

8    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

9  opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See

10  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Leave to amend may be denied where

11  amendment would be futile.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th

12  Cir. 2013); Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010).  That is plainly the

13  case here.  The complaint and its attachments provide no basis for this court's jurisdiction, and no

14  indication that facts exist which would state a cognizable claim for relief.

15    V.  PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

16    The magistrate judge is recommending that this case be dismissed, for several reasons.

17  You cannot sue federal defendants under Section 1983, because Section 1983 only applies to state

18  (not federal) actors.  Also, federal government entities are immune from suit unless a particular

19  law authorizing suit has been passed by Congress.  No such law supports a suit in your case.  You

20  cannot sue anyone for violating provisions of Title 18 of the United States Code, because only

21  federal prosecutors can enforce Title 18.  Your allegations regarding your Moorish identity and

22  the sovereignty of the Moorish Nation do not present a legally valid basis for a lawsuit.

23    You will have the opportunity to object in writing to this recommendation before a district

24  judge makes the final decision.

25    CONCLUSION

26    Accordingly, IT IS HEREBY ORDERED that:

27    1.  The Clerk of Court shall randomly assign a District Judge to this action;

28  ////

5

1        2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

2    and,

3        3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

4    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6    Director of the California Department of Corrections and Rehabilitation filed concurrently

7    herewith.

8        IT IS FURTHER RECOMMENDED that this matter be DISMISSED with prejudice.

9        These findings and recommendations are submitted to the United States District Judge

10   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, plaintiff may file written objections

12   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

13   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

14   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

15   (9th Cir. 1991).

16   DATED: May 3, 2023

17   _____

     ALLISON CLAIRE

18        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28